FILED

MAR 31 2008

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              ] Case No. 04-52265
                                   ]
RAY DONALD JOHNSON,                ] Chapter 13
                                   ]
                Debtor.            ]
_____]

MEMORANDUM DECISION REGARDING ENFORCEABILITY OF
PARAGRAPH (g) OF THIS COURT'S FEBRUARY 23, 2006 ORDER

On July 11, 2006, Harvey Crumb filed a motion requesting that this Court determine that paragraph (g) of this Court's order signed on February 23, 2006 ("Order") is void and unenforceable as a violation of Mr. Crumb's constitutional right of due process. The hearing on the motion was continued on several occasions.

Mr. Crumb is represented by Gary L. Olimpia, Esq. Larry Anderson is represented by James E. Ganzer, Esq. Los Banos Commercial Properties, LLC is represented by Michael J. Dyer, Esq. Secured creditors Solgaard/Lanfranki are represented by Sally A. Williams, Esq. Debtor Ray Donald Johnson is appearing in <u>propria persona</u>.

On August 27, 2007, an evidentiary hearing was set on Mr. Crumb's motion to set aside the February 28, 2006 trustee's sale of

real property located at 1725 East Pacheco Boulevard in Los Banos, California ("Property"). Mr. Crumb asserted several legal theories under which the trustee's sale should be set aside. At the August 27 hearing, this Court presented a case to the parties, In re Johnson, 346 B.R. 190 (9th Cir. BAP 2006) ("Nathan Johnson"), that none of the parties had cited and that the Court believed was relevant to the issues before the Court. The Nathan Johnson case was filed on July 7, 2006, after the trustee's sale of the Property took place.

At the request of the parties, the Court granted Larry Anderson and Los Banos Commercial Properties, LLC (collectively "Anderson Parties") until September 11, 2007, to file additional papers related to the Nathan Johnson case. Mr. Crumb was granted until September 18, 2007 to file any opposition to the papers filed on September 11, 2007 by the Anderson Parties. The Anderson Parties were granted until September 25, 2007 to file any reply to the opposition papers filed by Mr. Crumb. The parties initially agreed that this matter would be submitted when all briefs were filed.

On September 28, 2007, Mr. Crumb filed a sur-reply to the reply papers filed by the Anderson Parties. The Anderson Parties requested an opportunity to respond to the sur-reply filed by Mr. Crumb. By order filed October 10, 2007, this Court granted the Anderson Parties' request to file additional papers. On October 16, 2007, the Anderson Parties filed a reply to the sur-reply filed by Mr. Crumb. After the briefs were submitted, the Anderson Parties requested that this Court hold oral argument on the issues covered in the supplemental briefs. Oral argument was heard on February 4, 2008 and this matter was taken under

submission after giving the parties -- at the parties' request -- a short period of time to settle this matter.

The Court has carefully reviewed the trial and supplemental briefs filed and researched the legal questions presented by the parties in those briefs. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. As set forth in more detail below, the Court determines that paragraph (g) of the Order, as it applies to Mr. Crumb, exceeded this Court's authority under the <u>Nathan Johnson</u> case and paragraph (g) is void and unenforceable to waive the automatic stay in a future bankruptcy case filed by Mr. Crumb.

## I.

### BACKGROUND

Debtor Ray Donald Johnson ("Debtor") filed a chapter 13 bankruptcy petition on April 9, 2004. At the time Debtor filed his bankruptcy petition, Debtor asserted an interest in the Property. On April 20, 2004, secured creditor Mr. Anderson filed a motion to dismiss Debtor's bankruptcy case ("Motion to Dismiss"). According to the minutes from a hearing on the Motion to Dismiss held on May 3, 2004, Debtor was ordered to make certain payments, or Debtor's bankruptcy case would be dismissed with a 180-day bar upon declaration, and Debtor could not transfer the Property without Court approval. According to the minutes from a continued hearing on the Motion to Dismiss held on June 1, 2004, Debtor was ordered to make certain additional payments to prevent dismissal of Debtor's bankruptcy case. The Court also ordered that Debtor could

not transfer the Property and there would be no automatic stay if Debtor filed another bankruptcy case.

Debtor's bankruptcy case was dismissed on July 8, 2004. The order dismissing Debtor's bankruptcy case provided that there would be no automatic stay for 180 days as to secured creditors Mr. Anderson and Solgaard/Lanfranki if Debtor filed another bankruptcy case. On July 13, 2004, pursuant to Debtor's motion to vacate the dismissal, the dismissal of Debtor's bankruptcy case was vacated. According to the minutes for a continued hearing on the Motion to Dismiss held on July 23, 2004, Debtor's bankruptcy case would be dismissed if Debtor did not make certain payments to secured creditors Solgaard/Lanfranki and Mr. Anderson. In addition, the secured creditors would have relief from the automatic stay for 180 days from the date of dismissal if Debtor filed another bankruptcy case during those 180 days and Debtor could not transfer or hypothecate the Property absent further order of the Court. Thereafter there were additional hearings in Debtor's bankruptcy case whereby Debtor was ordered to make certain payments to the secured creditors Solgaard/Lanfranki and Mr. Anderson.

At the time Debtor's bankruptcy petition was filed, Debtor held an interest in the Property, although it is unclear to the Court whether Debtor then held a full or partial interest in the Property. At some point during Debtor's bankruptcy case, Debtor transferred his interest in the Property to Mr. Crumb and Mr. Crumb held full title to the Property. Mr. Crumb made the various monthly payments required under the various court orders. As of the hearing on January 13, 2006, Mr. Crumb held 100% of the interest in the Property. As of mid-January 2006, Debtor held a 1%

interest in the Property and Mr. Crumb held a 99% interest in the Property. Mr. Crumb transferred a 1% interest in the Property to Debtor after the January 13, 2006 hearing with the consent and knowledge of the Anderson Parties and authorization of the Court.

Also at the January 13, 2006 hearing, this Court, at Mr. Crumb's request, granted one last extension of the dismissal order and told the parties that Debtor's bankruptcy case would be dismissed effective February 28, 2006. The Order memorializing the Court's ruling was signed by the Court on February 23, 2006 and entered on this Court's docket on February 28, 2006. Pursuant to paragraph (b) of the Order, Debtor's bankruptcy case was dismissed effective February 28, 2006 without further court order. Paragraph (g) of the Order provided that:

> Until Secured Creditors have received such good reinstatement/payoff funds, in the event the debtor or Harvey Crumb files a bankruptcy in the future, Secured Creditors shall have full relief from the automatic stay as to the real property located at 1725 West Pacheco Boulevard, Los Banos, California (the "Property") for 180 days from the date of this order.[1]

On February 27, 2006, Mr. Crumb filed a bankruptcy petition that was subsequently dismissed. At 3:00 p.m. on February 28, 2006, prior to dismissal of Mr. Crumb's bankruptcy case and without a motion for relief from the automatic stay in Mr. Crumb's bankruptcy case, a trustee's sale was conducted and Mr. Anderson

---

[1] This language is nearly identical to the language at issue in the Nathan Johnson case. That order stated:

> This order is binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees, of the above-named Debtor(s) for a period of 180 days from the hearing of the Motion . . . upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

Nathan Johnson, 346 B.R. at 192.

MEMORANDUM DECISION
RE ENFORCEABILITY ETC 5

obtained title to the Property for $1,238,000. Mr. Crumb's bankruptcy case was dismissed on April 5, 2006. The April 5, 2006 dismissal order was vacated on June 2, 2006. Mr. Crumb's bankruptcy case was finally dismissed on July 28, 2006.[2]

## II.
## LEGAL ANALYSIS

The parties contest whether various aspects of the issues before the Court are core matters. Core matters are defined by 28 U.S.C. §157(b)(1) as: "... proceedings arising under title 11, or arising in a case under title 11[.]" A non-exclusive list of core matters is set forth at 28 U.S.C. §157(b)(2)(A)-(O). The first category of 28 U.S.C. §157(b)(1) applies to this Court's reconsideration of the Order since that Order arose under the Bankruptcy Code and this Court's reconsideration of paragraph (g) of that Order is also a core proceeding.

The Anderson Parties assert that Mr. Crumb's motion is not properly before this Court because the Nathan Johnson case established that a contested motion is not the proper proceeding to decide this issue: "Under the Federal Rules of Bankruptcy Procedure, the determination of interests in property requires an adversary proceeding." Nathan Johnson, 346 B.R. at 195. The Anderson Parties further argue that this principle was reaffirmed in In re Cogliano, 355 B.R. 792 (9th Cir. BAP 2006), where the Bankruptcy Appellate Panel stated that: "[T]he determination of interests in property requires an adversary proceeding." Cogliano,

---

[2] The Anderson Parties assert that Mr. Crumb's bankruptcy case was dismissed for fraud. However, no judicial findings of fraud were made in Mr. Crumb's bankruptcy case.

MEMORANDUM DECISION
RE 04-52265 ENFORCEABILITY ETC. 6

355 B.R. at 804 (quoting from <u>Nathan Johnson</u>).

Here, this Court is not determining property interests, which this Court agrees would require an adversary proceeding. Rather, this Court is reconsidering under Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), this Court's inherent authority to enter paragraph (g) of the Order. Such a proceeding is properly considered in a motion.

The Anderson Parties also assert that this Court lacks jurisdiction in Debtor's dismissed bankruptcy case to hear anything at this time. The Anderson Parties assert that under <u>In re Taylor</u>, 884 F.2d 478 (9th Cir. 1989), and <u>In re Garnett</u>, 303 B.R. 274 (E.D.N.Y. 2003), this Court retains jurisdiction to interpret orders entered prior to dismissal of a bankruptcy case, but does not retain jurisdiction to grant new relief independent of the prior rulings once a bankruptcy case has been dismissed. This Court agrees with the legal authority cited by the Anderson Parties. However, this Court disagrees that this Court is doing anything more than reconsidering the Order under Rule 60(b), to determine whether there is any intervening change in controlling law that warrants a determination that this Court lacked inherent or other authority to grant the "in rem" provisions of paragraph (g) of the Order as to Mr. Crumb.

As set forth in greater detail below, the <u>Nathan Johnson</u> case represents a change in, or a clarification of, existing law that this Court understood differently at the time this Court entered paragraph (g) of the Order. The <u>Nathan Johnson</u> case held that this Court lacks inherent or statutory authority to enter "in rem"

orders waiving the automatic stay in future bankruptcy cases. <u>Nathan Johnson</u>, 346 B.R. at 191. Under <u>Taylor</u>, reconsideration by this Court of its inherent authority to enter paragraph (g) of the Order is a proper exercise of this Court's jurisdiction -- even after Debtor's bankruptcy case has been dismissed. <u>Accord</u> <u>In re Franklin</u>, 802 F.2d 324, 327 (9th Cir. 1986).

Next, the Anderson Parties question whether Mr. Crumb has standing to bring this motion in a dismissed bankruptcy case that is not Mr. Crumb's bankruptcy case. Here the paragraph (g) of the Order specifically applies to Mr. Crumb, so Mr. Crumb has standing to bring his motion.

The Anderson Parties also raise the issue of whether the doctrine of res judicata precludes the relief sought by Mr. Crumb. The Anderson Parties assert that Mr. Crumb raised these same issues in his bankruptcy case and in an unlawful detainer action in state court, and this Court should not allow relitigation now.

Under California law, res judicata bars relitigation of issues argued and decided in prior litigation if: (1) the issue is identical to that decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior proceeding must be final; and (5) the party against whom preclusion is sought must be the same or in privy with the party to the prior proceeding. <u>Pacific Lumber Co. v. State Water Resources Control Board</u>, 37 Cal. 4th 921, 943 (2006). There is no evidence presented to this Court showing that either the bankruptcy court in Mr. Crumb's bankruptcy case or the state court in the unlawful detainer action decided whether this Court had inherent or other

MEMORANDUM DECISION REGARDING ENFORCEABILITY, ETC. 8

Case: 04-52365   Doc# 382   Filed: 03/31/08   Entered: 04/01/08 14:38:47   Page 8 of 15

authority to grant the "in rem" provisions of paragraph (g) of the Order as to Mr. Crumb. First, Mr. Crumb's case was dismissed shortly after the Nathan Johnson decision was filed, so it is highly unlikely that the bankruptcy court considered this Court's inherent authority to grant the "in rem" provisions of paragraph (g) of the Order. Second, the state court would not have had jurisdiction to determine whether a bankruptcy court lacked inherent or statutory authority to grant paragraph (g) of the Order. The Court finds that res judicata does not preclude the relief sought by Mr. Crumb.

Turning to the substantive issue, Rule 60(b) governs the reconsideration of final orders. A motion for reconsideration is appropriate where there has been an intervening change in the controlling law. School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Even where controlling law is decided after a motion is decided, a change in controlling law requires this Court to reconsider a prior decision. American Economy Ins. Co. v. Reboans, Inc., 900 F. Supp. 1246, 1251 (N.D. Cal. 1994). This Court has the ability to raise Rule 60(b) as a basis for determining Mr. Crumb's motion where this Court's review of the Order was prompted by Mr. Crumb's Motion. In re Cisneros, 994 F.2d 1462, 1466 n.4 (9th Cir. 1993). Even if Mr. Crumb had not raised the issue before this Court, Rule 60(b) does not prohibit a bankruptcy judge from reviewing a previous order sua sponte. In re Lenox, 902 F.2d 737, 739-40 (9th Cir. 1990).

Here, this Court issued paragraph (g) of the Order in February 2006 under the belief that this Court had inherent authority to enter such an order. On July 7, 2006, the Nathan Johnson case was

MEMORANDUM DECISION

decided by the Bankruptcy Appellate Panel. In that case, the Bankruptcy Appellate Panel held that this Court lacks inherent or statutory authority to enter "in rem" orders waiving the automatic stay in future bankruptcy cases. Nathan Johnson, 346 B.R. at 191. Nathan Johnson represents a change in, or a clarification of, existing law that this Court understood differently at the time this Court entered paragraph (g) of the Order.

In Nathan Johnson, the debtor filed a chapter 13 bankruptcy case on March 14, 2005, one hour after acquiring an interest in certain real property. On March 21, 2005, without seeking relief from stay, the secured creditor on that property conducted a trustee's sale and purchased the property. The debtor moved for sanctions for violation of the automatic stay under Bankruptcy Code section 362(h). The secured creditor responded that the secured creditor was entitled to ignore the automatic stay in the debtor's bankruptcy case based on the terms of an order entered in the earlier bankruptcy case of Maureen Grimes, who owned an undivided half interest in the property. The Grimes bankruptcy case order purportedly granted relief from stay for 180 days in any bankruptcy involving the property.

The Bankruptcy Appellate Panel held that Bankruptcy Code section 105 does not provide a bankruptcy court with authority to enter "in rem" orders and such orders can only be granted in the context of an adversary proceeding. Since there was no adversary proceeding in the Grimes bankruptcy case, the Nathan Johnson court held that the Grimes order did not have binding effect on non-parties and was not conclusive as to interests in the property. Nathan Johnson, 346 B.R. at 196.

The Anderson Parties assert in their supplemental brief that the <u>Nathan Johnson</u> case does not apply to this case because in the <u>Nathan Johnson</u> case the "in rem" order was issued against property in the Grimes bankruptcy case and the debtor Nathan Johnson was not present and had not submitted himself to the jurisdiction of the Grimes court when the Grimes court issued the "in rem" ruling.[3] The Anderson Parties assert that the Bankruptcy Appellate Panel reasoned that because the debtor Nathan Johnson was not a party to the relief from stay motion in the Grimes bankruptcy case, the debtor Nathan Johnson was deprived of an opportunity to raise any defenses, including issues such as changed circumstances.

The Anderson Parties argue that the present case is much different. The Anderson Parties assert that Mr. Crumb was present at every hearing in his bankruptcy case and in Debtor's case, and contend that Mr. Crumb was the driving force behind both bankruptcy cases. The Anderson Parties assert that Mr. Crumb bargained for further extensions of the order dismissing Debtor's bankruptcy case and, as part of that bargain, Mr. Crumb submitted and stipulated to the jurisdiction of this Court and agreed to be barred from further bankruptcy filings. The Anderson Parties argue that unlike <u>Nathan Johnson</u>, Mr. Crumb was a party to the motions in Debtor's bankruptcy case and had agreed not to file further bankruptcy cases and had agreed to relief from stay. The Anderson Parties argue that Mr. Crumb bargained away any rights to further stays for 180 days in order to obtain another extension.

In essence, the Anderson Parties argue that <u>Nathan Johnson</u> is

---

[3] This is an inaccurate assertion, as it is unclear from the facts in <u>Nathan Johnson</u> whether Nathan Johnson consented to the "in rem" relief in the Grimes bankruptcy case.

not applicable because Nathan Johnson dealt with due process rights and not a court's inherent authority. However, this Court finds that the holding in Nathan Johnson deals with whether a bankruptcy court has inherent or statutory authority to trump future automatic stays with an "in rem" order, not due process. Nathan Johnson, 346 B.R. at 191. Concluding and specifically holding that a bankruptcy court did not have such authority, the Bankruptcy Appellate Panel concluded in Nathan Johnson that the foreclosure sale giving rise to the dispute was void ab initio. Id. The language that demonstrates that the Nathan Johnson court specifically addressed a bankruptcy court's inherent authority -- or lack thereof -- to issue "in rem" orders, and not due process rights, is:

> The threshold question is whether the Grimes bankruptcy court had authority to outlaw the statutory automatic stay in a future bankruptcy case. Since we answer the initial question in the negative, we need not parse the details of the actual transaction so as to be able to answer the question whether the terms of the Grimes "in rem" order actually covered Johnson.

Nathan Johnson, 346 B.R. at 195.

This Court finds that under Nathan Johnson, paragraph (g) of the Order granting "in rem" relief from stay in Mr. Crumb's future bankruptcy cases exceeded this Court's authority.[4] Because this Court determines that this Court lacked inherent authority to issue

---

[4] Mr. Crumb argues that this Court should follow In re Proudfoot, 144 B.R. 876 (9th Cir. BAP 1992). Proudfoot holds that in absence of contrary authority from the district court in the district in which the bankruptcy court sits, Bankruptcy Appellate Panel decisions are binding precedent on all bankruptcy courts within the Ninth Circuit, regardless of the district in which the Bankruptcy Appellate Panel decision originated. Mr. Crumb asserts that there is no Northern District of California ruling that conflicts with Nathan Johnson and this Court must follow that case as binding precedent. Whether or not this Court is required to follow a Bankruptcy Appellate Panel case as argued by Mr. Crumb, this Court chooses to follow the Bankruptcy Appellate Panel authority of Nathan Johnson.

MEMORANDUM DECISION RE CALCULATION ENFORCEABILITY ETC. 12

the "in rem" relief of paragraph (g) of the Order as to Mr. Crumb, there is no need for this Court to address the various other legal theories proffered by Mr. Crumb as to why the trustee's sale should be set aside.

Although bankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders, they must consider whether intervening rights have become vested in reliance on the orders. In re International Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007). Prior Ninth Circuit authority held that the test to determine whether rights had vested is "whether, upon granting the motion to reconsider, the court will be able to reestablish the rights of the opposing party as they stood when the original judgment was rendered." In re Pacific Far East Lines, Inc., 889 F.2d 242, 247 (9th Cir. 1988) (quoting In re Texlon Corp., 596 F.2d 1092, 1101 (2d Cir. 1979)). Here, under the holding of the Nathan Johnson case, Mr. Anderson could not ignore the automatic stay in Mr. Crumb's bankruptcy case because this Court lacked authority to issue paragraph (g) as to Mr. Crumb. Nathan Johnson, 346 B.R. at 197.

This decision -- that the Court lacked inherent authority to issue paragraph (g) as to Mr. Crumb -- does not by itself alter existing property rights between the parties. Those issues necessarily will have to be resolved in the reopened bankruptcy case of Mr. Crumb, as the Anderson parties' correctly contend. This Court specifically is not making any determinations in this bankruptcy case regarding: (1) whether the foreclosure sale is void ab initio; (2) whether the stay should be retroactively annulled for the benefit of the Anderson Parties; (3) the amount of

sanctions, if any, for the stay violation; and (4) what amounts, if any, Mr. Crumb would need to pay to reinstate the loan under the notice of default. Moreover, this Court is not deciding any motions or defenses -- including, without limitation, laches and estoppel, because they are not properly before this Court.

### III.

### CONCLUSION

Because this Court lacked inherent authority to issue the "in rem" relief of paragraph (g) of the Order as to Mr. Crumb, paragraph (g) of the Order did not waive the automatic stay in Mr. Crumb's subsequent bankruptcy case. Counsel for Mr. Crumb shall submit a form of order -- after review by the Anderson Parties and secured creditors Solgaard/Lanfranki as to form.

Dated: 3/31/08

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Court Service List

Ray Donald Johnson
1725 W Pacheco
Los Banos, CA 93635

Gary L. Olimpia, Esq.
1000 Old Quarry Road
San Jose, CA 95123

Michael J. Dyer, Esq.
Law Offices of Michael J. Dyer
5250 Claremont Ave., Suite 123
Stockton, CA 95207

James E. Ganzer, Esq.
Ganzer & Williams
1617 St. Mark's Plaza, Suite A
P.O. Box 7683
Stockton, CA 95267

Sally A. Williams, Esq.
Williams' Law Offices
1414 Soquel Avenue, Suite 212
Santa Cruz, CA 95062

Devin Derham-Burk
P.O. Box 50013
San Jose, CA 95150-0013

Eva Alexandra Delateur, Esq.
Office of the Chapter 13 Trustee
P.O. Box 50013
San Jose, CA 95150

Office of the U.S. Trustee
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004